UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA S. W.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:19-CV-05439-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider a portion of Dr. Alysa Ruddell's opinion. Had the ALJ properly considered Dr. Ruddell's entire opinion, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's errors are, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

1 | Commissioner of Social Security ("Commissioner") for further proceedings consistent with this
2 | Order.

### FACTUAL AND PROCEDURAL HISTORY

On April 17, 2015, Plaintiff filed applications for SSI and childhood disability benefits, alleging disability as of January 1, 2010. *See* Dkt. 6, Administrative Record ("AR") 20. The applications were denied on initial administrative review and reconsideration. *See* AR 20. A hearing was held before ALJ Joanne E. Dantonio on March 8, 2017. *See* AR 46-60. At the hearing, Plaintiff amended her alleged onset date to June 28, 2012. AR 50. A second hearing was held before the ALJ on August 16, 2017. *See* AR 61-100. During the second hearing, Plaintiff withdrew her application for childhood disability benefits and continued on only the SSI application, with an alleged onset date of April 17, 2015, the date the application was filed. AR 64-65. In a decision dated December 19, 2017, the ALJ determined Plaintiff was not disabled. AR 20-39. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 837-41; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ committed harmful error when she failed to properly consider the medical opinion of Dr. Alysa Ruddell, Ph.D. Dkt. 8, p. 1.

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff contends the ALJ erred in his evaluation of Dr. Alysa Ruddell, Ph.D.'s medical opinion. Dkt. 8, pp. 2-4. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

On August 29, 2016, Dr. Ruddell, an examining psychologist, completed a Psychological/Psychiatric Evaluation of Plaintiff. AR 634-38. Dr. Ruddell conducted a clinical interview and a mental status examination ("MSE") of Plaintiff. AR 634-38. She documented her clinical findings and completed a medical source statement. AR 635-36. Dr. Ruddell diagnosed Plaintiff with anxiety. AR 635.

Dr. Ruddell opined Plaintiff was markedly limited in her ability to adapt to changes in a routine work setting, complete a normal work day and work week without interruptions from psychologically based symptoms, and set realistic goals and plan independently. AR 636. She also found Plaintiff moderately limited in understanding, remembering and persisting in tasks by following detailed instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, performing routine tasks without special supervision, making simple work-related decisions, being aware of normal hazards and taking appropriate precautions, asking simple questions or requesting assistance, communicating and performing effectively in a work setting, and maintaining appropriate behavior in a work setting. AR 636. Dr. Ruddell found Plaintiff's overall severity was moderate and her global assessment of functioning ("GAF") score was 51-60. AR 636.

The ALJ discussed Dr. Ruddell's findings and stated, in relevant part:

> The undersigned has considered [the marked ratings] but gives them only limited weight because (1) the claimant's performance on (sic) mental status exam was quite inconsistent with the objective testing performed by Dr. Rasmussen, as discussed above. As noted, although before the alleged disability onset date in this case, that evaluation is relevant because it was based on objective testing, and the claimant alleges that she has had the same problems her entire life. . . . (2) In addition, the claimant was not taking any medications at the time of the Ruddell evaluation for the depression and anxiety that she claimed after that evaluation, despite having been prescribed Wellbutrin in previous weeks and not telling her providers that she had stopped it. In early August of 2016, she had reported no dramatic response to the medication, but also did not assert adverse side effects, and she apparently agreed to increase her dosage as prescribed by Ms. Lagdan at

that visit. But by late August she had discontinued it, claiming adverse side effects to Dr. Ruddell.

AR 35 (internal citations omitted, numbering added).

Here, the ALJ provided two conclusory reasons for giving limited weight to Dr. Ruddell's opinion that Plaintiff has areas of marked limitations. AR 35. First, the ALJ discounted portions of Dr. Ruddell's opinion because it was inconsistent with the results from Dr. Rasmussen's objective testing. AR 35. The ALJ did not explain what results from Dr. Rasmussen's testing where inconsistent with Dr. Ruddell's findings on the MSE. Furthermore, the ALJ did not explain why Dr. Rasmussen's objective testing, which was completed prior to the relevant period, was entitled to more weight than Dr. Ruddell's objective testing. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (noting a clinical interview and an MSE are objective measures). The vague, conclusory finding that Dr. Ruddell's opinion was entitled to less weight because her objective findings were inconsistent with Dr. Rasmussen's objective findings does not reach the specificity necessary to justify rejecting portions of Dr. Ruddell's opinion. Accordingly, the ALJ's first reason for discounting Dr. Ruddell's opinion is not specific and legitimate and supported by substantial evidence. *See Garrison*, 759 F.3d at 1012-13 (an ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without explanation another medical opinion is more persuasive).[1]

Second, the ALJ discounted Dr. Ruddell's opinion regarding Plaintiff's areas of marked limitations because Plaintiff was not taking any medication at the time of the examination. AR

---

[1] The Court notes a review of the records indicates the MSEs completed by Drs. Rasmussen and Ruddell contain similar results. For example, during both examinations, Plaintiff could not successfully complete serial threes, was unable to spell "world" backwards, stated she did not know the name of the Governor of Washington, and could not correctly identify the states that boarder Washington. *See* AR 583, 637-38. She, however, correctly spelled "world" forward and recalled three of three words immediately and after a time delay. *See* AR 583, 637-38. Therefore, it does not appear Dr. Ruddell's objective findings are inconsistent with Dr. Rasmussen's objective findings.

35. This reason is also conclusory. The ALJ fails to explain how Plaintiff's use, or lack thereof, of medication contradicts Dr. Ruddell's opinion. The ALJ cites no evidence showing that, if Plaintiff was taking medication, Plaintiff would not be as limited as Dr. Ruddell found. *See* AR 35, 654 (tolerating 100 mg dosage well, but no dramatic improvement of depression). Furthermore, while the ALJ states Plaintiff tolerated her medications well, the treatment notes indicate Plaintiff's medication dosage was tripled approximately three weeks before she was examined by Dr. Ruddell. *See* AR 35, 634, 654-55 (300 mg dose of Wellbutrin on August 4, 2016), 658 (100 mg dose of Wellbutrin on July 6, 2016). The ALJ does not cite to any evidence showing Plaintiff was tolerating the increased dosage well. *See* AR 35. The Court also notes Plaintiff told Dr. Ruddell she stopped taking her medication because of side effects. AR 634. Thus, Dr. Ruddell was aware of Plaintiff's medication use at the time of the examination. As the ALJ has not adequately explained why Plaintiff's lack of medication use discounts Dr. Ruddell's opinion, the Court finds this is not a specific, legitimate reason supported by substantial evidence for discounting the opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *see also Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) (internal quotations omitted) ("we have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation").

The ALJ's two conclusory reasons for rejecting portions of Dr. Ruddell's opinion do not reach the specificity necessary to justify rejecting the opinion and are insufficient for this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ erred. *See Embrey*,

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion).

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered Dr. Ruddell's entire opinion, she may have included additional limitations in the RFC. For example, Dr. Ruddell opined Plaintiff is markedly limited in her ability to adapt to changes in a routine work setting and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 636. The ALJ did not include these limitations in the RFC. *See* AR 25. The ultimate disability determination may change if Dr. Ruddell's limitations are included in the RFC and considered throughout the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 28th day of October, 2019.

_David W. Christel_
United States Magistrate Judge